**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TRAVIS GOLDEN,**

    **Petitioner,**

                                                 **Civil Action 2:15-cv-2887**
    **vs.**                                           **Chief Judge Sargus**
                                               **Magistrate Judge King**

**WARDEN, LEBANON CORRECTIONSL**
**INSTITUTION,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

    Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2001 conviction in the Franklin County Court of Common Pleas on charges of murder, and improperly discharging a firearm into an occupied facility or habitation. This is petitioner's second challenge in this Court to those convictions. *See Travis Golden v. Warden James S. Haviland*, 2:05-cv-242 (S.D. Ohio). Petitioner's earlier petition was dismissed as untimely, *id., Judgment*, ECF No. 15, as was petitioner's appeal from that judgment. *See id., Order*, ECF No. 17.

    This action, therefore, constitutes a successive petition. *See Willis v. Jones,* 329 Fed. Appx. 7, 2009 WL 1391429, **5 (6th Cir. May 15, 2009); *Edwards v. Ross,* No. 1:10-cv-637, 2011 WL 901379, at *1 (S.D. Ohio Jan. 10, 2011)(dismissal of prior habeas corpus petition on statute of limitations grounds constitutes an adjudication on the merits)(citing *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009);

*Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Smith v. Jackson,* No. 1:09-cv-107, 2009 WL 3151308, at *2 (S.D. Ohio Sept. 25, 2009)(concluding that, where a prior habeas corpus petition is dismissed on statute of limitations grounds, it constitutes an adjudication on the merits, and the petitioner must obtain authorization from the court of appeals to file a subsequent petition for habeas corpus relief)(citations omitted).  *Smith v. Jackson,* 2009 WL 3151308, at *2.

Under the Antiterrorism and Effective Death Penalty Act, a district court lacks jurisdiction to entertain a successive petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. 28 U.S.C. § 2244(b)(3)(A); *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997). Before a second or successive petition for a writ of habeas corpus can be filed in the district court, a petitioner must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the petition. Unless the court of appeals has authorized the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id.* at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).

The Sixth Circuit will issue this certification only if petitioner succeeds in making a *prima facie* showing either (1) that the claims sought to be asserted rely on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found Petitioner guilty. 28 U.S.C. § 2244(b)(2).

It is therefore **RECOMMENDED** that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right

3

to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


       *s/Norah McCann King*
       Norah M<sup>c</sup>Cann King
       United States Magistrate Judge

November 13, 2015

4